UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 11 CR 918 |
| v. | ) | |
| | ) | Judge Elaine E. Bucklo |
| MCKENZIE J. CARSON, | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

THE UNITED STATES OF AMERICA, by its attorney, ZACHARY T. FARDON, United States Attorney for the Northern District of Illinois, respectfully submits the government's response to the defendant's sentencing memorandum (R. 137). For the reasons set forth below, the defendant's objections to the Presentence Investigation Report's calculation of his advisory Guidelines range should be overruled.

## ARGUMENT

**1. The Defendant's Objections to the Presentence Investigation Report's Guidelines Calculation Should Be Overruled.**

    **A.    Use of a Computer Enhancement (2G1.3(b)(3))**

The defendant first objects to the Presentence Investigation Report's application of a two-point enhancement, pursuant to 2G1.3(b)(3), subsection (B), because the offense involved the use of a computer or interactive computer service to . . . "(B) entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor." R. 137 at 5-8. In support of his argument, the defendant points to the application notes to section 2G1.3, which state that subsection (b)(3), the subsection at issue, "is intended to apply only to the use of a computer or an interactive computer service to communicate directly with a minor or with a person who exercises custody, care, or supervisory control of the minor." 2G1.3(b)(3), n. 4. The defendant

1

argues, therefore, that the "use of a computer" enhancement under subsection (B) for the defendant's placement of advertisements on Backpage or other internet websites for Kaitlin's sexual services is not appropriate. The defendant relies on the Seventh Circuit's holding in *United States v. Patterson,* 576 F.3d 431, 443 (7th Cir. 2009) to support his argument. In *Patterson,* the court applied application note 4 and found that the enhancement was not warranted. *See id.*

Since *Patterson* was decided, however, the Seventh Circuit decided *United States v. McMillian,* 777 F.3d 444 (2015) (Posner, J.). In *McMillian,* the court held that application note 4 to § 2G1.3(b)(3)(B) is wrong and that the "use of a computer" enhancement under § 2G1.3(b)(3)(B) applies where a defendant used a computer to advertise his victims' services as prostitutes. *See id.* at 449-50 ("[t]he guideline section provides a 2-level enhancement whenever the defendant uses a computer to 'entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor,' which the defendant did when he created Craigslist pages on which to advertise [his victims'] services as prostitutes."). After finding that application note 4 conflicts with the text of guideline 2G1.3(b)(3), the court, relying on the Supreme Court's decision in *Stinson v. United States,* 508 U.S. 36, 38 (1993), noted that "[w]hen an application note clashes with the guideline, the guideline prevails." *Id.* at 450.

Additionally, *Patterson* is distinguishable from the facts of the instant case because "the computer-use enhancement would not have been applicable in *Patterson*, irrespective of application note 4, because neither the defendant nor someone part of the same criminal activity used a computer to solicit patrons, [*United States v. Pringler,* 765 F.3d 445, 451-55 (5th Cir. 2014)], as was done in both *Pringler* and [*McMillan*]." *McMillan,* 777 F.3d at 450. Here, the evidence presented at trial established that the defendant used a computer to post online

2

prostitution advertisements of his victims. Therefore, the "use of a computer" enhancement under subsection (B) is applicable.

Additionally, as detailed in the government's version of the offense, the government also seeks the enhancement under subsection (A) because the offense in Count One involved the use of a computer or an interactive computer service to "(A) persuade, induce, entice, or coerce, or facilitate the travel of a minor to engage in prohibited sexual conduct." Section 2G1.3 directs that "computer" for purposes of the enhancement has the meaning given the term in 18 U.S.C. § 1030(e)(1). *See* § 2G1.3(b)(3)(A), cmt. n.1. That statute, in turn, defines "computer" to include "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions." The Seventh Circuit has held that this definition is "very, very broad," *Shamsud-Din,* 580 Fed. Appx. at 472, and "could encompass a cell phone," *United States v. Mitra*, 405 F.3d 492, 495 (7th Cir. 2005). The Eighth Circuit went a step further and found that this definition is "exceedingly broad," and it includes an ordinary cellular telephone, even one that does not connect to the Internet. *United States v. Kramer*, 631 F.3d 900, 902-04 (8th Cir. 2011).

Here, the offense involved the use of a computer, in the form of a cell phone, to facilitate the travel of a minor to engage in prohibited sexual conduct, warranting a two-level enhancement under § 2G1.3(b)(3)(A). As Kaitlin testified at trial, the defendant used a cell phone to communicate with her directly to facilitate her travel to locations where she committed commercial sex acts at the defendant's direction. Because the defendant used a cell phone to directly communicate with Kaitlin and facilitate her travel to and from prostitution dates, the enhancement is applicable.

3

The defendant argues that the enhancement under subsection (A), based upon the defendant's use of a cell phone, should not apply because *Kramer* was "wrongfully decided" and that defining a cell phone as a computer would make the enhancement "apply to virtually every offender." R. 137 at 7-8. As the Seventh Circuit has stated, however, while the statute's breadth "might prompt Congress to amend the statute[, it] does not authorize the judiciary to give the existing version less coverage than its language portends." *Mitra*, 405 F.3 at 495.

### B. Commission of a Sex Act Enhancement (2G1.3(b)(4)(A)).

The defendant next objects to the Presentence Investigation Report's application of a two-point enhancement, pursuant to § 2G1.3(b)(4)(A), because the offense involved the commission of a sex act. The defendant, without citation to any supporting authority, makes the conclusory statement that "[t]he enhancement under (A) must only apply where the defendant actually engages in noncommercial sex act with the minor in the course of the offense." R. 137 at 9. This assertion is without merit and conflicts with the plain language of the guideline. Guideline section 2G1.3(b)(4)(A) states that a two-point enhancement is applicable "if (A) the offense involved the commission of a sex act or sexual contact . . . ." There is no requirement that the "sex act or sexual contact" be a "noncommercial sex act" as the defendant would like this Court to believe. Here, the defendant was convicted of sex trafficking of a minor, as charged in Count One. The evidence demonstrated that the defendant caused Kaitlin to commit commercial sex acts and therefore, the enhancement is applicable.[11]

---

[11] Courts have held that applying the enhancement is not impermissible "double counting." *See United States v. Hornbuckle,* 784 F.3d 549, 554 (9th Cir. 2015) (holding that enhancement for commission of sex acts did not constitute double counting of 28 U.S.C. § 1591 conviction); *United States v. Willoughby,* 742 F.3d 229, 241 (6th Cir. 2014) (same); *United States v. Jungers,* 702 F.3d 1066, 1073-74 (8th Cir. 2013) (same); *United States v. Anderson*, 560 F.3d 275, 283 (5th Cir. 2009) (same).

Additionally, even accepting the defendant's unsupported conclusion that the guideline enhancement only applies where the sex act was noncommercial, the evidence presented at trial showed that the defendant raped Kaitlin. As the defendant admits, this rape was a noncommercial sex act. R. 137 at 11. Therefore, the enhancement would apply even under the defendant's convoluted interpretation of the guideline.

### C. Vulnerable Victim Enhancement (3B1.1(b)).

The defendant also objects to the Presentence Investigation Report's application of a two-point vulnerable victim enhancement under 3A1.1(b)(1) for the victims in Counts Two through Four of the indictment—Veronica, Jessica, and Nahrin. R. 137 at 11-13. In support of his objection, the defendant argues that Veronica, Jessica, and Nahrin were not "atypical targets or victims of the criminal conduct in this case – that being trafficking in prostitution" and therefore, the enhancement is not appropriate. *Id.* The defendant's argument lacks merit and his objection should be overruled.

Section 3A1.1(b)(1) provides for a two-level enhancement if the defendant knew or should have known that a victim of the offense was a vulnerable victim. A vulnerable victim under the Guidelines is one who is a victim of the offense of conviction or any relevant conduct and "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." U.S.S.G. 3A1.1(b)(1), n. 2.

Here, the defendant knew that Veronica, Jessica, and Nahrin were all unusually vulnerable. The testimony at trial from Veronica, Jessica, and Nahrin revealed that they were all homeless, drug addicts, jobless, and in desperate need of money. *See* § 3A1.1 cmt. n.2. The evidence at trial also showed that the defendant not only knew about Veronica's, Jessica's, and Nahrin's vulnerabilities, but that he chose them as victims precisely because they were

5

vulnerable and therefore easier to manipulate and control. Therefore, because the defendant knowingly targeted vulnerable victims, a two-point enhancement is warranted. *See United States v. Shamsud-Din,* 580 Fed. Appx. 468, 471 (7th Cir. 2014) (unpublished) (affirming application of vulnerable victim enhancement where defendant trafficked victim who was homeless, had little money, and was in fear of her previous pimp); *United States v. Julian*, 427 F.3d 471, 489-90 (7th Cir. 2005) (affirming application of vulnerable victim enhancement based on district court's finding that defendant "purposefully pr[e]yed on desperate street children without housing and food, taking advantage of the poor and homeless children by offering shelter, housing and food.")

### D. Pattern of Activity Involving Prohibited Sexual Conduct Enhancement (4B1.5(b)(1)).

Next, the defendant objects to the Presentence Investigation Report's application of a five-point enhancement, pursuant to § 4B1.5(b)(1), because the defendant was convicted of a covered sex crime and the defendant engaged in a pattern of activity involving prohibited sexual conduct. R. 137 at 13-14. The defendant argues that the enhancement should not be applied because "Carson is not the offender that this guideline was clearly aimed at" and the defendant's conduct was already taken into account in his Guidelines calculation. *Id.* at 14. The defendant's objection should be overruled.

Section 4B1.5(b)(1) provides for a five-level enhancement "in any case in which the defendant's instant offense of conviction is a covered sex crime," "and the defendant engaged in a pattern of activity involving prohibited sexual conduct." Here, each of these conditions is met. First, the defendant's conviction of Count One of the indictment is a covered sex crime because it is an offense "perpetrated against a minor" under 18 U.S.C. § 1591. *See* § 4B1.5 cmt. n.2. The defendant does not dispute this. R. 137 at 14. The evidence at trial showed that Kaitlin was a minor and that the defendant knew that Kaitlin was a minor during the time he trafficked her.

6

Second, the defendant engaged in a pattern of activity involving prohibited sexual conduct. The Guidelines provide that prohibited sexual conduct includes "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B)." *See* § 4B1.5 cmt. n. 4(A). Included in Section 2426(b)(1)(A) are convictions pursuant to 18 U.S.C. § 1591. Therefore, sex trafficking of a minor and by force, fraud, and coercion under § 1591 is prohibited sexual conduct. In this case, the defendant engaged in a pattern of activity involving prohibited sexual conduct because "on at least two separate occasions, the defendant engaged in prohibited sexual conduct [sex trafficking] with a minor," namely, Kaitlin. *See* 4B1.5 cmt. n. 4(B)(I). Indeed, as Kaitlin, Chris Richardson and Margaret Hurley testified, the defendant caused Kaitlin to engage in numerous commercial sex acts. Therefore, a five-point enhancement, pursuant to 4B1.5(b) is applicable.

To the extent the defendant is arguing that application of this enhancement results in double counting because the defendant's activity involving prohibited sexual conduct with Kaitlin was "taken into account in the PSR's guideline calculations for that count," (R. 137 at 14), this argument is foreclosed by *United States v. Von Loh,* 417 F.3d 710, 714-15 (7th Cir. 2005) (holding the Sentencing Commission intended the repeat sex offender enhancement be imposed in addition to calculations made pursuant to Chapters Two and Three); *see also United States v. Craig,* 420 Fed. Appx. 605, 607 (7th Cir. 2011) (unpublished) ("§ 4B1.5(b)(1) requires the adjusted offense level for repeat sex offenders to be 5 *plus* the offense level determined in Chapters Two and Three []; the word 'plus' reflects the Commission's intent that repeat offenders receive a 5-level enhancement 'in addition to' any calculations in Chapters Two and Three.") (Emphasis in original).

7

## **CONCLUSION**

For the reasons set forth above, the defendant's objections to the Presentence Investigation Report's calculation of his Guidelines range should be overruled.

                                              Respectfully submitted,

                                              ZACHARY T. FARDON
                                              United States Attorney

By:    s/ *Jennie Levin*
          JENNIE LEVIN
          Assistant United States Attorney
          219 South Dearborn Street, Fifth Floor
          Chicago, Illinois 60604
          (312) 353-5372